Today's case is what we call as previously announced in the Times-Movie as allotted to Council. The first case today is number 162289, Richard Demmott v. United States, 162319, Wayne Collimore v. United States, and number 162368, Charles H. Casey Jr. v. United States. Thank you. Good morning. May I please the court, David Benneman, representing Mr. Demmott, Mr. Collimore, Mr. Casey. I might ask two minutes for a rebuttal. Yes. Maine's burglary statute is overly broad, making it non-judicial. Excuse me, you've got a significant timeliness problem in this case before you get to the merits. You've got a limited amount of time. Could I ask you to address that? Absolutely, Your Honor. I suggest to you that the timeliness argument can only be addressed when we look at the merits of generic, the reason being this. If Maine burglary is generic, then it stands as an enumerated offense and the petitioners lose. If Maine burglary is non-generic, it has never been generic, and with the absence of the residual. As always, would you address the language of the statute that imposes a limitation? Truly, I understand what you're doing, but I think the argument is slightly off base. I appreciate that. I hearken to what Justice Kagan said in Mathis, that we have always employed an elements-based approach for 25 years. And they say in Mathis that Mathis is not retroactive. It does not announce a new rule. I agree. Okay, and Congress said you escape the time limit only when the Supreme Court has said that its decision is retroactive and announces a new rule. I agree. So do we have a problem? No, Your Honor, because Johnson is that new rule and Welch tells us that. What does Johnson have to do with this case? Johnson says there is no residual clause under the ACCA. What I'm suggesting to this court is that all of these defendants were sentenced under the residual clause. Are two of them out of the sentencing judge who was the habeas judge disagreed with you? I, I, but that's not based on a record, Your Honor. Excuse me, it's based on statements by the habeas judge, isn't it? It, in Judge Singal's opinions, he addresses timeliness and says they're untimely, but there is no record where it was said at sentencing that it was based on a new residual clause. Well, it's that sort of writing. At the time that these individuals were sentenced, there was no distinction made under what clauses of the ACCA burglary fell because it didn't matter. Everything was swept in under the residual clause. Counselor, are you telling me that I'm wrong? There's nothing in the record? You seem to be parsing where in the record this statement might be. I, I am not aware of a transcript that shows that there was a finding of that it was under the enumerated clause as opposed to the residual clause. Setting that aside, as you point out, in the Casey, in the Casey case, the opinion is different, and in the Casey case, the government didn't raise timeliness. So if the court feels that there's a difference. I would ask as a practical matter, since you're counsel for Mr. Casey and Judge Hornby dealt with 2255, was Judge Hornby in fact the sentencing judge in Casey? I would have to check the record, Your Honor. You don't know. Standing here, I would have to check the record. My explanation, though, is this. That Justice Kagan explained at great length and in response to some dissent in Mathis that this elements-based approach had been in existence since Taylor. And that it had been in existence for 25 years, but that essentially many of us, myself included, didn't understand that. And they were clarifying what the law has always been. And my suggestion to Your Honor, as to the timeliness is, it was always under the residual clause we just discussed. Congress limited when issues can be raised by habeas, and Justice Kagan was not purporting to be interpreting that language. And that seems to go directly against your argument. I understand what you're suggesting, and my rejoinder is that if it was never, as a matter of law, an enumerated claim because it was non-generic, then it was under the residual clause. And because it was under the residual clause, Johnson makes these petitions timely. Okay, thank you. The reason it is non-generic is multifold. It is not merely the vehicles, but there is also an overly broad definition as to structures themselves. So we don't just have vehicles and conveyances adapted for overnight accommodation, which in itself is huge. They needn't be attended, which differs from the Iowa statute in Mathis where they needed to be attended, and yet that was found overbroad. But there's also a definitional section that includes the structures, places designed to protect property from the elements, bringing in sheds, gazebos, kiosks, pods, mobile storage devices. So these are all areas that are much broader than generic burglary. And I suggest to you as to Duquette, this was never discussed in the Duquette opinion. Can we go down your list? Yes. The special definition of vehicles protecting property, what else? Yes. On the merits of your claim. I suggest that those are the two major factors, that it includes vehicles and conveyances that are adapted for overnight accommodation, meaning any boat, any truck that has a bed in the back becomes a structure in Maine, whereas it would not be in a generic situation. Okay. And additionally, the other kinds of outlined weather-protecting types of things that I suggested. So many people, for instance, when you drive around, you see these pods, mobile storage devices that are just big containers made to protect things from the weather. That would be a structure under this definition. But I suggest to you that is not generic. Is there a Maine case that says that? I've listed to you the Maine cases that talk about specific things. In Maine, because these things are part of burglary, it is rarely challenged that the place burgled isn't a structure because the Maine definition is quite broad. But the cases that I've given you in the brief that talk about the space underneath a camp and taking copper piping from what's essentially the cartilage explains the breadth of Maine law. I suggest to you this case has analogies to the Holloway case. And I would refer you to footnote 2 where you all addressed situations where a prior circuit case had intervening Supreme Court law. In that case, it was Johnson 1. I suggest to you it's now Johnson 2. Using math, this has now applied. Thank you. May it please the Court, Julia Lopez for the United States. First, to address your question, Judge Lynch, at page 119 of the appendix, Judge Hornby was the sentencing judge in Casey as well as the habeas judge. It's the government's position that this court should affirm the denial of all three habeas petitions in this case because they are untimely. In the alternative, you didn't make the untimeliness argument before, Judge Hornby, you generically the U.S. Attorney's Office in Maine. You did make it in the other two cases. Why should we excuse your waiver in the Casey case? For a couple of reasons, Your Honors. First, the Supreme Court said in the Wood v. Milliard decision that a timeliness bar in a habeas case can be raised sua sponte by a court even. And second, Judge Hornby, we believe, did tee up the timeliness question by modeling the first certified question for review after that in DeMott and Colomore, namely whether any ACCA conviction can be reexamined in light of Johnson. Does Wood apply to appellate courts? It does, Your Honor, yes. By its terms? I believe that was in fact the holding and that was the question there, whether a court of appeals could sua sponte, raise a timeliness defense. And so we would suggest that the court can do that here. The issue has been fully briefed. I don't believe the petitioners have ever argued in their brief that the court should not consider the timeliness question as to Casey. I drew a distinction between Casey and the other two cases. My memory is so bad that counsel is correct and there was no statement by the habeas judge that as a sentencing judge he viewed the case a certain way? The habeas judge, Judge Singel, in DeMott and Colomore did make specific statements. And at what point did he make those statements? He made them in his decision on the habeas motion. So I thought. Right. So he said in DeMott, quote, he was not sentenced pursuant to the now invalidated residual clause. That's at page five of the appendix. And then in the Colomore decision at page 57 of the appendix, Judge Singel wrote, describing his own decision in DeMott, that Johnson, too, does not provide a basis to challenge the status of convictions that were deemed to fall within ACCA's enumerated clause. And then, quote, this reasoning applies equally to Colomore. So it's argued that in both cases the habeas judge, who was also the sentencing judge, has made a finding that they were not residual clause sentences. Therefore, they are not true Johnson claims. Can you say whether that was based on his recollection? Or is that his analysis of what happened the first time around when he had the cases? Can you tell the difference? He did not say, Your Honor, no. Although we would suggest that one thing the court can do, and this has been done in some other cases we talked about, for example, the 11th Circuit Adams case in our brief, is look to First Circuit law as it existed at the time of these sentencings, which can provide some clues as to how courts were thinking about burglary. And in particular, at the time of the sentencing in this case, or all three of these cases, there were multiple examples of this court post-Taylor looking at burglary as an enumerated offense. So, for example, there's the Field case from 1994, that's 39 F3rd 15, where this court relied on Taylor to find that New Hampshire burglary. But if the district judge didn't say that, it's sort of a double leap of faith that the government's asking us to make here. But I take it the government's position is because of those statements by Judge Singal in both of those cases, no true Johnson type issue exists. That is correct, that is our position. Okay, that still leaves, though, one case. Right, and we would still continue to advocate for looking at the court's law at the time. What you see in decisions like the Field decisions, there are others, Miller finding that Connecticut burglary was generic,  It seems to me a much simpler argument is the timeliness argument. I'm suggesting that as to Casey, given that we don't have a finding, Your Honor, from the judge as to the basis for the sentence, that we can take some clues from the fact that this court was often, at the time of the sentencing, looking to the enumerated offense of burglary to find that state burglary conviction. I would not go down that road. I think you need to answer Mr. Benamon's argument that given Justice Kagan's language, that she's not making new law, she's just articulating the law the way it had been for 25 years, that somehow that gets him beyond the timeliness question, the timeliness restraints Congress imposed. Yes, we do disagree with that, Your Honor. Although Justice Kagan indicated that the result in Mathis was dictated by precedence, clearly it added a new gloss to the way that courts were looking at the divisibility analysis. It resolved a circuit split. Circuits were looking at this means versus elements test differently. We're applying a modified categorical approach in different ways. So in that respect, we would suggest that it's inappropriate to use Mathis to try to examine what the judges were doing at sentencing a decade before in some instances in this case. What we need to look at is at the time of sentencing, how were these particular defendants sentenced? And the petitioners in the case of Casey simply cannot show that that was a residual clause sentence. And it's inappropriate to essentially do an emeritus analysis to try to then decide the timeliness bar. So given that we're talking about the main burglary statute, are there other cases in the pipeline that make, perhaps on direct appeal, that make the Mathis argument? I don't know, Your Honor, off the top of my head. Mr. Benneman may know. I would imagine that this is something that may be raised. Well, we don't imagine this issue is going away. I think that's correct, Your Honor, although we would argue that this case, this court at this point, is bound by the Duquette decision. When you look at the merits of main burglary, two years ago this court concluded that main burglary was generic. And in our view, Mathis does not represent any supervening Supreme Court precedent. I'm a step behind you, I'm afraid. If the issue inevitably will come up in cases where there's no timeliness issue, why should we be getting into it now? Oh, I agree, Your Honor, that you should not be getting into it. I understood the question to be in the case of Casey, where there is no finding from the habeas judge about the basis for the sentence. What should the court do? And one suggestion that we have is that if the court wanted to look to the merits, it could conclude that it is bound by Duquette. And so Mr. Casey continues to be in... What do you mean if the court wanted to? Congress has been pretty strict here on timeliness issues. I don't view that we have discretion to take cases and decide them where Congress has said they're untimely. I just don't understand your argument. Your Honor, I believe, and I apologize as I've been unclear, we agree with you. We argue that all three cases are untimely. As to Mr. Casey, there had been some argument that because there was not a finding on the record that perhaps that argument had been waived. And I think you then said that he is not in a position to assert that it was under the residual clause because there has been no finding. Correct. Haven't a couple of other circuits come out exactly the opposite way on that issue? Well, I think the other circuits, as we discussed in our brief, some of the... For example, the 11th Circuit case, the Adams case that petitioners cite for that proposition. If you look at what the Adams court did, they only read a silent record in favor of the petitioners after concluding that the only basis under the law at the time of sentencing was a residual clause finding. And that is not the case here. There was no law at the time finding that Maine burglary only qualified... Didn't the 9th Circuit come out the other way? In which case? I don't know. You'd have to help me. I'm not recalling... I'll take it that I'm wrong about that. You may be correct, Your Honor. I'm not recalling the specific case. Do we have to decide? That's a way of short-circuiting the timeliness issue, correct? Yes, it would be, Your Honor. Right. Yes. We don't need to decide that if we decide the timeliness. That's correct. That is correct. We don't need to get into a circuit split on those questions. On burglary, that is correct, Your Honor. Yes. And that has been our position that the easiest way and the correct way to resolve this is to affirm the denials on timeliness grounds. But we continue to advance our arguments that Duquette controls and that Maine burglary is generic. Thank you. Your Honor, might I suggest that this Court is always looking to resolve things correctly? Excuse me. You seem to be adopting the notion that we have discretion regardless of the limits Congress has imposed on us to decide cases because we want to reach a correct result. That has never been my argument to you, Your Honor. I believe we've been over this. I totally agree with you. If you find that they're untimely because you reject the argument that I have made to you, that two of these cases then would fall within that category. I'm suggesting to you that Mr. Casey does not. Why not? Because it was not raised and I suggest to you it was waived as a result. Okay. All right. The government failed to make the timeliness argument to the district court. That is correct. So what do you do about the wood case, is it, that your sister cited? I understand that and as she pointed out that she suggests to you that that's discretionary to raise by the appellate court. So I suggest to you that it needn't be applied here because there is a tremendous injustice of applying an enhanced sentence which the laws doesn't apply but due to historical precedence were applied to each of these petitioners. Okay. So on the point about if there has been no finding that we can rely on about whether it was residual clause or enumerated, Giozos or Giozos from the Ninth Circuit, are you prepared to discuss that? Does that case bear on that? Your Honor, I am not prepared to dwell into that. I suggest to you that the bulk of cases of courts and it has been more district courts than appellate courts that have looked at the matter have almost universally concluded that it is unfair to penalize a petitioner for the lack of a record, for a silent record, on an issue that was of no significance at the time because the residual clause subsumed everything. I understand. Thank you. Thank you.